IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JESSE LEE HOPKINS, | Cause No. CV 23-41-BLG-SPW |
| Petitioner, | |
| vs. | ORDER |
| CORRECTION OFFICER WEBB, at al., | |
| Respondents. | |

This matter comes before the Court on a handwritten document submitted by Petitioner Jesse Lee Hopkins.  (Doc. 1.)  The document is captioned as a "Writ of Habeas Corpus 2254- Serious Safety Concerns."  (*Id*. at 1.)  Mr. Hopkins challenges the conditions of his confinement at Yellowstone County Detention Facility (YCDF).  He asserts he is being mistreated and retaliated against and asks that he be transferred to the Great Falls Regional Detention Center.  (*Id*. at 2-5.)

Mr. Hopkins is a convicted state prisoner.[1]  He is also a convicted federal prisoner awaiting sentencing. Mr. Hopkins will be sentenced by this Court on May

---

[1] *See* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/2125628/ (accessed May 4, 2023).

8, 2023, in *United States v. Hopkins*, Cause No. CR-22-108-BLG-SPW.

Mr. Hopkins has not sought leave of the Court to proceed in forma pauperis, nor has he paid the filing fee. But because there is no reason to delay the matter, the Court will proceed with examining the petition.

Under 28 U.S.C. § 2254 this Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges,* 423 U.S. 19, 21 (1975). In the present matter, Mr. Hopkins does not seek to challenge his state court judgment of conviction. Therefore, Section 2254 is not a proper vehicle for the relief sought.

Similarly, 28 U.S.C. §2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006)(9th Cir. 2004). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006. But a review of the document submitted by Mr. Hopkins reveals that a writ under 28 U.S.C. § 2241 is also not the proper vehicle to attempt

2

to secure the relief Mr. Hopkins seeks.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A claim challenging prison policies and procedures is only "cognizable in habeas if it will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody."  *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 n. 13 (2001).  Prisoners seeking other challenges to their conditions of confinement may have recourse under 42 U.S.C. § 1983, but not habeas.

It appears, therefore, to the extent that Mr. Hopkins seeks to challenge the conditions of his confinement at YCDF, the claim would be more appropriately filed, if at all, as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition.  *See Blair v. Martel*, 645 F. 3d 1151, 1157-58 (9th Cir. 2011) (Because the prisoner's claim did not challenge the validity of his conviction or "necessarily spell speedier release" it "belongs in a § 1983 complaint, not a habeas petition."); *see also Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991).  The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." *Nettles v. Grounds*, 830 F. 3d 922, 933 (9th Cir. 2016)(en banc)(*citing Crawford v. Bell*, 599 F. 2d 890, 891 (9th Cir. 1979).  In

3

*Crawford*, the Circuit affirmed the dismissal of a federal prisoner's habeas petition and noted:

> Crawford's petition does not challenge the legality of his imprisonment.  Instead, the petition alleges that the terms and conditions of his incarceration constitute cruel and unusual punishment, violate his right to due process, and invade his constitutionally protected privacy.  The appropriate remedy for such constitutional violations, if proven, would be a judicially mandated change in conditions and/or an award of damages, but not release from confinement.

*Crawford*, 599 F. 2d at 891-92.

The Circuit has also affirmed dismissal of claims brought in a Section 2241 petition which "do not concern the manner, location, or conditions of [the petitioner's] sentence's execution" as "not cognizable under Section 2241." *Wright v. Shartle*, 699 Fed. App's 733 (9th Cir. 2017).  Thus, the claims put forth in Mr. Hopkins' petition are not cognizable in federal habeas. The matter will be dismissed.

Additionally, the Court would note that Mr. Hopkins is no longer in custody of the YCDF; he has been transferred to the Cascade County Detention Facility. *See Hopkins v. Childress et al.*, Cause No. CV-23-20-GF-BMM-JTJ, Comp. (filed May 1, 2023.)

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner

makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §
2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the
district court's resolution of [the] constitutional claims" or "conclude the issues
presented are adequate to deserve encouragement to proceed further."  *Gonzales v.
Thaler*, 565 U.S. 134, 140 (2012)(*quoting Slack v. McDaniel*, 529 U.S. 473, 484
(2000)).  The Court's determination that Mr. Hopkins' claims are not cognizable is
not reasonably debatable; a COA will not issue.

Based on the foregoing, the Court enters the following:

## ORDER

1. Mr. Hopkins petition (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to enter judgment, by separate document,
in favor of Respondents and against Petitioner.

3. A Certificate of Appealability is DENIED.

DATED this 4th day of May, 2023.

Susan P. Watters
United States District Court Judge